United States District Court
Southern District of Texas
**ENTERED**
January 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REVERSE MORTGAGE FUNDING LLC, | § § | CIVIL ACTION NO. 4:21-cv-02610 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| GERALD S. HODGE and KATHRYN REARDON, | § § § § | |
| Defendants. | § | |

MEMORANDUM AND OPINION
ENTERING DEFAULT JUDGMENT

The motion by Plaintiff Reverse Mortgage Funding LLC for entry of default judgment is granted. Dkt 10.

1. Background

Defendants have failed to appear in this matter. The facts alleged by Plaintiff in the complaint and supporting declaration are thus accepted as true. *Meyer v Bayles*, 559 F App'x 312, 313 (5th Cir 2014, *per curiam*), citing *Nishimatsu Construction Company v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

Defendants executed a fixed rate note on August 28, 2013. Dkt 1 at ¶ 13. The note is secured by a deed of trust (security instrument), signed by the Defendants and creating a valid lien on certain real property located at 5611 Fullbrook Shores Trace, Fulshear, TX 77441. Id at ¶¶ 4, 14. Defendants have failed to make payments as required by the note. Id at ¶ 17.

Plaintiff brought this action against Defendants in August 2021. Dkt 1. It seeks a declaration that its lien

against the property shall be enforced by a judgment and foreclosure under the security instrument's power-of-sale provision and the Texas property code. It also seeks attorney fees and costs. Id at p 5–6.

It has previously been established that Defendants were properly served. But they didn't answer or otherwise respond. The request by Plaintiff for entry of default was granted. Dkt 12. The Clerk then entered default against both Defendants on October 15, 2021. Dkts 13 & 14.

Plaintiff now moves for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Dkt 10.

## 2. Legal Standard

Rule 55 governs applications for default and default judgment. This involves sequential steps of default, entry of default, and default judgment. A *default* occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Insurance Company v Brown*, 84 F3d 137, 141 (5th Cir 1996). An *entry of default* is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A *default judgment* can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989) (citation omitted). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d 766, 767 (5th Cir 2001). Rather, a default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (citation omitted). The well-pleaded allegations in the complaint are assumed to

be true, except those regarding damages. *Nishimatsu*, 515 F2d at 1206.

The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, *11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, *3 (ND Tex), citing *Lindsey v Prive Corporation*, 161 F3d 886, 893 (5th Cir 1998).

    3.   Analysis

Defendants were properly served and never answered. The entry of default was thus deemed appropriate under Rule 55(a). Dkt 12.

The remaining question concerns the propriety of entry of default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default judgment is procedurally warranted. The second is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. And the last is whether and what relief the plaintiff should receive. *Joe Hand Promotions Inc v Casison*, 2019 WL 3037074, *2 (SD Tex).

    a.   Procedural requirements

The following factors are pertinent to a decision whether default judgment is procedurally appropriate:

- *First,* whether material issues of fact are in dispute;
- *Second,* whether there has been substantial prejudice to the plaintiff;
- *Third,* whether the grounds for default are clearly established;
- *Fourth,* whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- *Fifth,* whether default judgment is inappropriately harsh under the circumstances; and

- *Sixth,* whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (West 3d ed 1998).

*First,* neither Defendant has answered or otherwise defended this action. Plaintiff's well-pleaded allegations against Defendants are thus assumed to be true. *Nishimatsu*, 515 F2d at 1206. No material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, \*3 (SD Tex).

*Second*, Plaintiff has naturally experienced substantial prejudice. Plaintiff presented its claim for payment to Defendants to allow them an opportunity to cure the default. Dkt 1 at ¶ 17. Defendants didn't cure the default and haven't responded to this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen Plant Co*, 2017 WL 6403886, \*3 (SD Tex); *Insurance Company of the West v H&G Contractors Inc*, 2011 WL 4738197, \*3 (SD Tex).

*Third,* the Clerk properly entered default against Defendants pursuant to Rule 55(a) because they didn't answer or otherwise defend this action. Dkts 13 & 14. Default judgment is likewise proper because they still haven't answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, \*3 (SD Tex); *WB Music Corporation v Big Daddy's Entertainment Inc*, 2005 WL 2662553, \*2 (WD Tex).

*Fourth,* nothing suggests that the default by Defendants has been the product of good-faith mistake or excusable neglect. See *Lindsey*, 161 F3d at 893; *Innovative Sports Management*, 2017 WL 6508184 at \*3.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against these Defendants, as they haven't taken any action to respond to this suit. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill LLC*, 2017 WL 373478, \*2 (ND Tex), citing *Lindsey*, 161 F3d at 893;

4

*Insurance Company of the West*, 2011 WL 4738197 at *3. Plaintiff attempted to resolve this dispute before bringing suit. And Defendants have had over four months to respond to Plaintiff's complaint, further mitigating any harshness of entering default judgment. See *Insurance Company of the West*, 2011 WL 4738197 at *3, citing *Lindsey*, 161 F3d at 893.

*Sixth,* nothing is apparent that would cause the default judgment to be set aside if Defendants were to challenge it. See *Insurance Company of the West*, 2011 WL 4738197 at *3.

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

### b. Substantive requirements

Plaintiff alleges that Defendants defaulted on a note for which they received value. But there still must be "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

The inquiry is thus whether the complaint satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

The factual allegations in Plaintiff's complaint are sufficient to satisfy the low threshold of Rule 8. Plaintiff adequately establishes that Defendants are each liable to it. Specifically, Plaintiff provides the date that the note and security instrument were signed, the value given as consideration, and how the note and security instrument were assigned and transferred to Plaintiff. Dkt 1 at ¶¶ 13–

15, 18. And it asserts that Defendants were made aware of the deficiency balance on the loan when Plaintiff presented its claim for payment to them. Id at ¶ 17. It further alleges that it's entitled to attorney fees pursuant to Texas Civil Practice and Remedies Code § 38.001. Id at p 6.

The substantive merits of the claims as stated in the complaint provide a sufficient basis for default judgment.

    c. Appropriate remedies

Plaintiff doesn't seek monetary damages. It instead seeks non-monetary relief in the form of a declaratory judgment that the following are secured by the security instrument on the property: (i) the outstanding balance of the note; (ii) pre-judgment interest; (iii) post-judgment interest from the date of judgment until paid; (iv) costs of court; and (v) attorney fees to be determined upon subsequent motion pursuant to Rule 54(d)(2)(B)(i). It also seeks a declaratory judgment that it may foreclose on the property in accordance with the terms of the security instrument. Dkt 10 at 4.

The Declaratory Judgment Act provides a district court the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC § 2201. Rule 57 thus provides that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

Declaratory judgment is appropriate here given the evidence presented by Plaintiff, the sufficiency of the proceedings in the action, and the failure by Defendants to respond or otherwise defend.

    4. Conclusion

The motion by Plaintiff Reverse Mortgage Funding LLC for entry of default judgment against Defendants Gerald S. Hodge and Kathryn Reardon is GRANTED. Dkt 10.

It is hereby DECLARED that the following are secured by Reverse Mortgage Funding LLC's Fixed Rate Home Equity Conversion Deed of Trust on the property located at 5611 Fullbrook Shores Trace, Fulshear, Texas 77441: (i) the

outstanding balance of the note; (ii) pre-judgment interest; (iii) post-judgment interest from the date of judgment until paid; (iv) court costs; and (v) attorney fees in an amount to be later determined by motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i).

It is further DECLARED that Plaintiff Reverse Mortgage Funding LLC may foreclose on the property in accordance with the terms of the security instrument.

SO ORDERED.

Signed on January 4, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge